IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| 3RD EYE SURVEILLANCE, LLC, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | CIVIL NO. 6:14-CV-533-JDL |
| vs. | § | |
| | § | JURY TRIAL DEMANDED |
| THE CITY OF FRISCO, TEXAS, | § | |
| | § | |
| *Defendant*. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant City of Frisco's ("Frisco") Motion for Stay Pending *Inter Partes* Review ("MOTION") (Doc. No. 20). 3rd Eye Surveillance, LLC ("3rd Eye") responded ("RESPONSE") (Doc. No. 22), and Frisco replied ("REPLY") (Doc. No. 23). Having considered the parties' arguments and for the reasons set forth below, Frisco's Motion for Stay is **DENIED WITHOUT PREJUDICE**.

## BACKGROUND

On March 7, 2014, 3rd Eye filed an action against Frisco alleging, *inter alia*, infringement of U.S. Patent No. 7,323,980 (the "'980 patent"). On November 11, 2014, Stealth Monitoring, Inc. ("Stealth Monitoring"), the defendant in a related case,[1] filed a Petition for *Inter Partes* Review ("IPR") with the Patent Trial and Appeal Board ("PTAB") of the United States Patent and Trademark Office ("USPTO"), seeking cancellation of claims 1, 2, 4, 5, 11-5, 18-22, and 31 of the '980 patent pursuant to 35 U.S.C. § 311 and 37 C.F.R. §§ 42.1 *et seq*. The Notice of Filing was mailed December 2, 2014 (Doc. No. 12-3). The PTAB is required to determine

---

[1] *3rd Eye Surveillance, LLC v. Stealth Monitoring, Inc.*, No. 6:14-cv-162.

whether to institute an IPR proceeding by June 2, 2015.[2]  Defendant filed the instant motion on December 8, 2014 requesting a stay of all proceedings in this case until final resolution of the potential IPR.

## LEGAL STANDARD

"Courts have the inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO reexamination." *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426–27 (Fed. Cir. 1988).  The party seeking a stay bears the burden of showing that such a course is appropriate.  *See Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936). A stay pending an administrative proceeding is not automatic; rather, it must be based upon the circumstances of the individual case before the court.  *See, e.g.*, *Datatreasury Corp. v. Wells Fargo & Co.*, 490 F. Supp. 2d 749, 755 (E.D. Tex. 2006).  While the case law states several general considerations that are helpful in determining whether to order a stay, ultimately the Court must decide stay requests on a case-by-case basis.  *Comcast Cable Commc'ns Corp., LLC v. Finisar Corp.*, No. 06-cv-04206, 2007 WL 1052883, at * 1 (N.D. Cal. Apr. 5, 2007) ("From a case management perspective, the possible benefits must be weighed in each instance against the possible drawbacks.").

Though a stay is never required, it may be "particularly justified where the outcome of the [administrative proceeding] would be likely to assist the court in determining patent validity and, if the claims were canceled in the [administrative proceeding], would eliminate the need to try the infringement issue." *In re Cygnus Telecomms. Tech., LLC*, 385 F. Supp. 2d 1022, 1023 (N.D. Cal. 2005) (citing *Gould v. Control Laser Corp.*, 705 F.2d 1340, 1342 (Fed. Cir. 1983)).

---

[2] 35 U.S.C. § 314 (requiring the PTAB to decide whether to institute an IPR proceeding within three months of the patent owner's preliminary response or within three months of the time the preliminary response is due if the patent owner does not file a preliminary response); see also 37 C.F.R. § 42.107 (providing that patent owner has up to three months to file a preliminary response after receiving a notice of petition for IPR).

Indeed, "an auxiliary function [of the proceeding] is to free the court from any need to consider prior art without the benefit of the PTO's initial consideration." *In re Etter*, 756 F.2d 852, 857 (Fed. Cir. 1985). Nevertheless, there is no per se rule that patent cases should be stayed pending PTO proceedings, because such a rule "would invite parties to unilaterally derail litigation." *Soverain Software LLC v. Amazon.Com, Inc.*, 356 F. Supp. 2d 660, 662 (E.D. Tex. 2005); *See also Comcast*, 2007 WL 1052883, at *1 ("If litigation were stayed every time a claim in suit undergoes reexamination, federal infringement actions would be dogged by fits and starts. Federal court calendars should not be hijacked in this manner.").

The Court has inherent discretion whether to grant a stay in patent litigation pending *inter partes* review ("IPR"). *See Ethicon*, 849 F.2d at 1426-27. A final decision is made with "an eye toward maintaining an even balance between the competing interests of the parties at issue." *TruePosition, Inc. v. Polaris Wireless, Inc.*, No. 12-cv-646, 2013 WL 5701529, at *2 (D. Del. Oct. 21, 2013) (citing *SoftView LLC v. Apple, Inc.,* No. 10-cv-389, 2012 U.S. Dist. LEXIS 104677, at *6-7 (D. Del. July 26, 2012). In deciding whether to stay a given action, courts frequently consider three factors: (1) whether the stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set. *Soverain*, 356 F. Supp. 2d at 662.

## ANALYSIS

### I. Undue Prejudice to Plaintiff

Frisco argues that 3rd Eye will not suffer undue prejudice if the Court grants a stay because "the IPR petition was timely filed within the last month," and "the activity in this case has been minimal." (MOTION at 5). 3rd Eye responds, arguing that Stealth Monitoring is a direct

3

competitor, and that "[a]lthough Frisco and 3rd Eye are not competitors, Frisco is a customer of Stealth." (RESPONSE at 6); *see also* Doc. No. 22-1 ¶¶ 4, 5.

Here, the PTAB may not complete the IPR proceedings until June 2016, and the process could be further extended if either party appeals the PTAB's findings to the Federal Circuit. *See* 35 U.S.C. § 141(c). 3rd Eye has a well-established interest in the timely enforcement of its patent rights. *See Voltstar Techs., Inc. v. Superior Commc'ns, Inc.,* No. 2:12-cv-082, 2013 WL 4511290, at *2 (E.D. Tex. Aug. 22, 2013). The delay caused by a stay is especially burdensome where, like here, the parties are competitors in the marketplace. *Invensys Sys., Inc. v. Emerson Elec. Co.*, No. 6:12-cv-799, 2014 WL 4477393, at *2 (E.D. Tex. July 25, 2014); *Volstar*, 2013 WL 4511290, at *2; *accord SenoRx, Inc. v. Hologic, Inc.*, No. 12-cv-173, 2013 WL 144255, at *7 (D. Del. Jan. 11, 2013) ("Courts have recognized that when the parties are direct competitors, there is a reasonable chance that delay in adjudicating the alleged infringement will have outsized consequences to the party asserting infringement has occurred, including the potential for loss of market share and an erosion of goodwill."); *Verinata Health, Inc. v. Ariosa Diagnostics, Inc.*, No. 3:12-cv-05501, Doc. No. 108 at 6 (N.D. Cal. Jan. 13, 2014).

Frisco counters, arguing that it is not a competitor to 3rd Eye, and that staying the case as to Frisco will not affect 3rd Eye's position in the marketplace (REPLY at 2). Frisco's argument is misplaced. Frisco is a customer of Stealth Monitoring. 3rd Eye alleges that Frisco has committed, and continues to commit, acts of infringement by using security systems provided and maintained by Stealth Monitoring (Doc. No. 1). Thus, the grant of a stay in this case would necessarily affect 3rd Eye's position in the marketplace.

Frisco also argues that 3rd Eye has not sought any preliminary injunctive relief (REPLY at 3). However, the fact that 3rd Eye did not to seek a preliminary injunction does not

automatically rule out the possibility that it will suffer prejudicial harm if a stay is granted. *See Invensys Systems, Inc. v. Emerson Electric Co.*, No. 6:12-cv-799, at 4 (E.D. Tex. July 25, 2014); *see also VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1319 (Fed. Cir. 2014) ("We acknowledge, as the district court did, that there could be a variety of reasons that a patentee does not move for a preliminary injunction."); *Universal Electronics, Inc. v. Universal Remote Control, Inc.*, 943 F. Supp. 2d 1028, 1034 (C.D. Cal. 2013) ("The fact that Plaintiff did not seek a preliminary injunction does not mean that it would not suffer prejudicial harm from its competitor's market activity during a lengthy delay in the case."). Accordingly, this factor weighs against a stay.

## II. Simplification of the Issues

As 3rd Eye points out, the USPTO has not yet granted Stealth Monitoring's petition for IPR. As noted, the PTAB may issue its determination as late as June 2, 2015. This Court is reluctant to grant a stay where the IPR petition has yet to be been granted. *See Lennon Image Techs., LLC v. Lumondi, Inc.*, No. 2:13-cv-238, at 2-3 (E.D. Tex. Jan. 6, 2014). Moreover, it remains to be seen whether the PTAB will invalidate or change the claims of the '980 patent as Frisco contends is likely to occur. Accordingly, this factor weighs against a stay.

## III. Status of the Case

Frisco argues that a stay is warranted because the case is in its earliest stages and "the parties have not yet spent significant resources litigating any issue in dispute, including the validity of the '980 patent." (MOTION at 6). 3rd Eye counters by arguing that "this case has progressed to the point where a stay would displace the *Markman* schedule and would not serve the interests of judicial economy or conserving party resources in a meaningful way." (RESPONSE at 7). 3rd Eye notes that Frisco has already served its invalidity contentions related to the '980

patent, and that the validity issues could be resolved by the Court through summary judgment prior to a decision by the PTAB, which—assuming the petition for IPR is granted—could be as late as December 2016.[3] While it is possible that the validity issues related to the '980 patent could be resolved prior to the conclusion of the PTAB proceedings, this case is in its nascent stages. Accordingly, this factor weighs in favor of a stay.

## CONCLUSION

On balance, the *Soverain* factors weigh against granting a stay pending resolution of the petition for *inter partes* review. Accordingly, Frisco's Motion for Stay Pending *Inter Partes* Review (Doc. No. 20) is **DENIED WIHTOUT PREJUDICE**. If the USPTO grants the IPR petition, Frisco may re-urge its motion at that time.

**So ORDERED and SIGNED this 14th day of January, 2015.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE

---

[3] Provided the PTAB grants the petition for IPR, a final determination must be issued within one year of the date the petition is granted, and upon a showing of good cause, the one-year period may be extended up to six months. 35 U.S.C. § 316(a)(11).